EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>vs.<br><br>George Acevedo Ramos<br><br>Recurrido | Certiorari<br><br>2008 TSPR 35<br><br>173 DPR _____ |

Número del Caso: CC-2006-1139

Fecha: 27 de febrero de 2008

Tribunal de Apelaciones:

Región Judicial de Aguadilla

Juez Ponente:

Hon. Nydia Cotto Vives

Oficina del Procurador General:

Lcdo. Alex Omar Rosa Ambert
Procurador General Auxiliar

Abogados de la Parte Recurrida:

Lcda. Eileen N. Díaz Ortiz
Lcdo. Edwin Barreto Barreto

Materia: Revocación de Probatoria

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        vs.                         CC-2006-1139     *CERTIORARI*

George Acevedo Ramos

    Recurrido

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓEPZ

San Juan, Puerto Rico, a 27 de febrero de 2008

El 1 de junio de 2006, luego de una alegación de culpabilidad, George Acevedo Ramos fue sentenciado a tres años en libertad a prueba por una infracción al Artículo 404 de la Ley de Sustancias Controladas, Ley Núm. 4 de 23 de junio de 1971, 24 L.P.R.A. sec. 2101 *et seq*. Entre las condiciones impuestas al ser sentenciado, Acevedo Ramos <u>aceptó</u> que de cometer un delito grave, la vista sumaria inicial de revocación de probatoria se celebraría conjuntamente con la vista para la determinación de causa probable para el arresto.

A los cuatro meses de encontrarse disfrutando del beneficio de libertad a prueba,

Acevedo Ramos fue acusado de infringir el Artículo 401 de la Ley de Sustancias Controladas, lo cual constituye un delito grave. A estos efectos, el agente interventor citó a Acevedo Ramos para que el 19 de octubre de 2006 compareciera ante el Tribunal de Primera Instancia, Sala Superior de Aguadilla, para la celebración de la vista de determinación de causa probable para arresto. Acevedo Ramos no compareció a la referida vista.

Así las cosas, se celebró la vista contemplada por la Regla 6 de las de Procedimiento Criminal. En ese momento, el ministerio público solicitó la celebración conjunta de la vista de determinación de causa probable para arresto y la vista sumaria inicial de revocación de probatoria. El juez denegó dicha petición por las siguientes razones: (1) el probando no estaba presente; (2) el probando no había sido notificado y (3) no estaba presente el oficial sociopenal. En vista de ello, acogió la moción del ministerio público como una solicitud de vista *ex parte* inicial de revocación y en consecuencia ordenó la citación de Acevedo Ramos para la celebración de la vista sumaria inicial de revocación a llevarse a cabo el 8 de noviembre de 2006.[1] Ello no obstante, el juez de instancia halló causa probable por el delito que se le imputaba y ordenó el arresto de Acevedo Ramos. Además, le fijó fianza de $30,000.

---

[1] Posteriormente dicha vista se pospuso para el 8 de diciembre del mismo año.

Inconforme, el ministerio público acudió en revisión ante el Tribunal de Apelaciones. Adujo que existe un procedimiento especial de revocación de una probatoria concedida en virtud del Artículo 404(b)(1) de la Ley de Sustancias Controladas cuando la persona comete un nuevo delito grave. En vista de ello, sostuvo que la Ley de Sentencias Suspendidas, 34 L.P.R.A. sec. 1026 *et seq.,* le confiere autoridad al juez para celebrar simultáneamente la vista de determinación de causa probable para arresto junto con la vista sumaria inicial de revocación de probatoria. Arguyó, además, que al determinarse causa probable contra el probando, ello constituye prueba suficiente para revocarle provisionalmente el privilegio de libertad a prueba.

Por otro lado, en su comparecencia ante el Tribunal de Apelaciones, la representación legal del imputado argumentó que el reclamo del ministerio público era improcedente toda vez que el tribunal de instancia ordenó el arresto de Acevedo Ramos. Adujo que los hechos del caso de autos representan dos procesos separados e independientes --la vista de determinación de causa para arresto y la vista para la revocación sumaria inicial de probatoria-- que no son susceptibles de adjudicarse como uno solo. Consecuentemente, sostuvo que la situación de hechos no cae dentro de las excepciones provistas en la Ley de Sentencias Suspendidas para celebrar una vista sumaria inicial en ausencia del probando.

El Tribunal de Apelaciones emitió una resolución --un tanto contradictoria entre sí-- denegando el recurso presentado por el ministerio público. Determinó que el recurrido había sido citado para la vista de determinación de causa para arresto y que, además, como parte de las condiciones impuestas a Acevedo Ramos para la concesión de la probatoria, éste había aceptado que la vista sumaria de revocación inicial se celebraría conjuntamente con la vista para la determinación de causa probable para arresto en la eventualidad de una imputación por delito grave. Ello no obstante, resolvió que, como el interés que pretendía proteger el Procurador General era que el probando no se evadiera de la jurisdicción, dicho interés había quedado salvaguardado con la orden de arresto emitida por el tribunal de instancia.

Insatisfecho, el Estado acudió ante este Tribunal --vía *certiorari*-- señalando que el Tribunal de Primera Instancia incidió:

> … al denegar la celebración conjunta de la vista de causa probable para arresto y la vista sumaria inicial de revocación de probatoria.

> … al denegar el arresto sumario y preliminar, sin fianza, del probando por violentar las condiciones de su probatoria.

> … al equiparar una orden de arresto por la existencia de causa probable con la orden de arresto emitida contra un probando cuando [é]ste infringe las condiciones de su probatoria.

Expedimos el recurso y, en auxilio de nuestra jurisdicción, paralizamos los procedimientos ante el Tribunal de Primera Instancia. Resolvemos.

I

La Ley de Sentencias Suspendidas establece un procedimiento específico para la revocación del beneficio de la libertad a prueba. 34 L.P.R.A. sec. 1026 *et seq.* Según resolviéramos en Martínez Torres v. Amaro Pérez, 116 D.P.R. 717 (1985), dicha Ley se enmendó para incluir los pasos a seguir para lograr la revocación de una probatoria en cumplimiento con el debido proceso de ley.

El Artículo 4 de la referida Ley dispone que si el ministerio público desea obtener la revocación de la libertad a prueba de un probando, debe cumplir los siguientes requisitos: primeramente el tribunal, previa solicitud, debe celebrar un vista *ex parte* para evaluar si existe causa probable para creer que el probando ha violado las condiciones de la probatoria. El juez determinará, en el ejercicio de su discreción, si ordena el arresto del probando en ese momento o lo cita para una vista posterior. 34 L.P.R.A. sec. 1029(1).

De no ordenarse el arresto inmediato del probando, se deberá celebrar una vista sumaria inicial de carácter informal. En dicha vista, el probando tiene la oportunidad de ser oído y presentar prueba a su favor. Puede, además, confrontar al oficial sociopenal

promovente, al oficial o encargado de la institución o programa a cargo de la rehabilitación del probando y a los demás testigos adversos disponibles en ese momento. 34 L.P.R.A. sec. 1029(2). Dicho inciso también expresa que:

> [s]i se tratase de un probando, al cual se le imputa la comisión de un delito grave, que se encontrase disfrutando de libertad condicionada según se dispone en la sec. 1027a de este título, o de la libertad a prueba concedida en virtud de la sec. 2404(b)(1) del Título 24 o de la Regla 247.1 de Procedimiento Criminal, Ap. II de este título, <u>se celebrará la vista sumaria inicial de la forma y manera que aquí se provee, junto con la vista de determinación de causa probable del delito imputado de tal suerte que no se obstaculice la pronta y justa determinación de la misma</u>. El tribunal podrá, en ese momento, revocar provisionalmente la libertad del probando.

Luego de celebrada la vista sumaria inicial, si se decreta la revocación provisional y el encarcelamiento del probando, deberá celebrarse un vista final. Esta vista tiene el propósito de revocar definitivamente el beneficio de sentencia suspendida. Es por ello que como requisito, el probando tiene derecho a recibir notificación escrita previo a la celebración de dicha vista, como también a estar representado de un abogado. Igual que en la vista sumaria inicial, en dicha vista final el probando puede confrontar la prueba en su contra y presentar prueba a su favor. El peso de la prueba le corresponde al ministerio público y la decisión del juez será mediante la preponderancia de la prueba. Además, el juez deberá formular determinaciones de hecho por escrito

y justificar la revocación, según sea el caso. Dicha determinación debe notificarse tanto al ministerio público como al probando. 34 L.P.R.A. sec. 1029(3).

La Ley establece que, de surgir ciertas circunstancias, la vista sumaria inicial y la final se pueden consolidar. Estas circunstancias son: (1) si la vista inicial se suspendiera a petición o por causas atribuibles al probando; (2) a solicitud del abogado del probando o (3) cuando el ministerio fiscal no solicite o no logre obtener el arresto y encarcelación del probando. 34 L.P.R.A. sec. 1029(3)(c).

Además de lo anteriormente expuesto, el Artículo 2A de la Ley requiere que la persona que reciba los beneficios de una libertad a prueba se comprometerá, por escrito, a no incurrir en conducta delictiva y de no asociarse con personas reconocidas por su participación en actividades ilegales mientras se encuentre disfrutando de la libertad a prueba. 34 L.P.R.A. sec. 1027a. En lo pertinente a la revocación de la libertad a prueba, dicha disposición estatutaria dispone:

> Además, el probando, como condición a su libertad a prueba, consentirá a que, de ser acusado de cometer un delito grave, se celebre conjuntamente con la vista de determinación de causa probable la vista sumaria inicial que dispone la sec. 1029 de este título. La determinación de causa probable de la comisión de un nuevo delito es causa suficiente para, en ese momento, revocar provisionalmente los beneficios de la libertad a prueba.

Adicionalmente tenemos que, cuando a una persona se le concede la libertad a prueba en virtud del Artículo 404 de la Ley de Sustancias Controladas, dicha Ley también requiere, mediante el Inciso (b)(1) de dicho Artículo, ante, del probando que acepte:

> … que, de ser acusado de cometer un delito grave, se celebre conjuntamente con la vista de determinación de causa probable la vista sumaria inicial que disponen las secs. 1026 a 1029 del Título 34. La determinación de causa probable de la comisión de un nuevo delito es causa suficiente para, en ese momento, revocar provisionalmente los beneficios de libertad a prueba.

## II

Como expresáramos anteriormente, tanto el Artículo 2A de la Ley de Sentencias Suspendidas, ante, como el Artículo 404(b)(1) de la Ley de Sustancias Controladas, ante, también establecen que la vista de determinación de causa probable para arresto y la vista inicial para la revocación de libertad a prueba se puedan celebrar conjuntamente si al probando se le acusa de cometer un delito grave. En ambas leyes este requisito se formula como parte de las condiciones a las cuales el probando tiene que acceder para poder disfrutar de la libertad a prueba en virtud de dichas leyes. Además, proveen que la determinación de causa probable para arresto por la

comisión de un delito grave es prueba suficiente para revocar provisionalmente la libertad del probando.[2]

Por consiguiente, de una lectura integral de las disposiciones pertinentes claramente surge que el juez, en estas circunstancias, viene en la obligación de celebrar ambas vistas simultáneamente. Es decir, dicha decisión no depende de la discreción del juez, sino que es un mandato que impone nuestro ordenamiento cuando a un probando que se encuentre disfrutando de libertad a prueba en virtud del Artículo 404(b)(1) de la Ley de Sustancias Controladas, ante, se le acusa de cometer un delito grave.

Cabe mencionar que el recurrido Acevedo Ramos, aunque admite que la Ley dispone para la celebración conjunta de las vistas, argumenta que ello no procede en ausencia del probando. Arguye que la celebración conjunta de las vistas sólo procede en ausencia del probando si se comprobase que éste se encuentra desaparecido y que no

---

[2] Debe señalarse que la vista sumaria inicial para la revocación de la libertad a prueba, de ordinario, no se celebra junto con la vista de determinación de causa probable para arresto. Ello no obstante, y como expresáramos anteriormente, el Inciso 2 del Artículo 4 de la Ley de Sentencia Suspendida, ante, crea una excepción en el caso del probando que se le imputa la comisión de un delito grave. A estos efectos, dicho inciso dispone que si se trata de un probando que se encuentra disfrutando de su libertad condicionada en virtud del Artículo 404(b)(1) de la Ley de Sustancias Controladas y se le imputa la comisión de un delito grave, la vista sumaria inicial se celebrará junto con la vista de determinación de causa probable del delito imputado. 34 L.P.R.A. sec. 1029 (2).

existe manera de localizarlo. Además, argumenta que en el presente caso no se le notificó adecuadamente que se celebraría la vista sumaria inicial junto con la vista de determinación de causa para arresto, por lo que él no conocía de dicha posibilidad.[3] Por ende, entiende que no se le citó adecuadamente y que él no estaba consciente de su derecho y obligación de estar presente en la vista inicial de revocación de probatoria. Para sustentar dichos argumentos, se refiere a nuestra decisión en Torres Rosario v. Alcaide, 133 D.P.R. 707 (1993). No le asiste la razón.

En Torres Rosario v. Alcaide, ante, resolvimos que se podía revocar finalmente la probatoria, y dictarse sentencia en ausencia del probando, de determinarse que ésta constituye una renuncia voluntaria a estar presente en ese momento. Sin embargo, el presente caso no versa sobre la revocación final de la libertad a prueba, sino meramente de la revocación provisional. Adviértase que, de ordinario, luego de la revocación provisional, el probando es acreedor del derecho a la celebración de una vista final de revocación de la libertad a prueba, a tenor con el Inciso 3 del Artículo 4 de la Ley de Sentencias Suspendidas. Por lo tanto, en este caso, el

---

[3] Cabe aclarar que del expediente surge que, aunque no es lo más común en la práctica, Acevedo Ramos fue citado a la vista de determinación de causa probable para arresto. Además, como señaláramos, dicha consideración es parte de las condiciones que debe aceptar el probando para poder disfrutar del beneficio de libertad a prueba.

probando aún tiene la oportunidad de confrontar la prueba que se presente en su contra y a presentar prueba a su favor en la vista final de revocación, lo cual garantiza el debido proceso de ley al que dicho imputado tiene derecho. Ello hace que no sea indispensable la presencia del probando en esa primera vista inicial de revocación provisional.

En fin, una interpretación integral de los Artículos 2A y 4(2) de la Ley de Sentencias Suspendidas y del Artículo 404(b)(1) de la Ley de Sustancias Controladas, nos lleva a la conclusión de que el legislador creó una excepción al procedimiento ordinario de revocación de sentencia suspendida y libertad a prueba. Dicha excepción se activa cuando un probando es acusado de cometer un delito grave mientras disfruta de su libertad a prueba en virtud del Artículo 404(b)(1) de la Ley de Sustancias Controladas. En estas circunstancias particulares, se dispone que la vista de revocación inicial se celebre simultáneamente con la vista para la determinación de causa probable para arresto. Por lo cual, el juez que presida la vista de determinación de causa para arresto no tiene discreción para posponer la celebración de la vista inicial de revocación de libertad a prueba, aun cuando el probando no esté presente. Asimismo, las referidas leyes disponen que si el juez determina causa probable para el arresto del probando, se revocará preliminarmente la probatoria en ese momento.

En mérito de lo anteriormente expuesto y en vista de la determinación de causa probable para arresto por un delito grave contra Acevedo Ramos, debe entenderse revocada, preliminarmente, su libertad a prueba. De conformidad con lo anterior, procede devolver el caso al Tribunal de Primera Instancia, Sala Superior de Aguadilla, para la continuación de los procedimientos, comenzando por el señalamiento para la celebración de la vista <u>final</u> de revocación de probatoria.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        vs.               CC-2006-1139    *CERTIORARI*

George Acevedo Ramos

    Recurrido

## SENTENCIA

San Juan, Puerto Rico, a 27 de febrero de 2008

Por los fundamentos anteriormente expuestos, se dicta Sentencia revocatoria de la resolución emitida en el presente caso por el Tribunal de Apelaciones. En vista de la determinación de causa probable para arresto por un delito grave contra George Acevedo Ramos, se revoca, preliminarmente, su libertad a prueba. De conformidad con lo anterior, se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Aguadilla, para la continuación de procedimientos ulteriores consistentes con lo aquí resuelto, comenzando por el señalamiento para la celebración de la vista final de revocación de probatoria.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquenda Graulau
Secretaria del Tribunal Supremo